FILED
2019 Jul-29 AM 08:56
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| CRYST'N J. CURRY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:17-CV-1943-KOB |
| ) | |
| WESTGATE ENTERPRISES, INC. and ) | |
| RAINBOW CITY CHICKEN, INC., ) | |
| ) | |
| Defendants. ) | |

### MEMORANDUM OPINION AND ORDER

This matter comes before the court on "Plaintiff's Motion to Amend Complaint." (Doc. 49). In her motion, Plaintiff Cryst'n Curry requests leave under Federal Rule of Civil Procedure 15(a)(2) to amend her complaint to add a new party, Anniston Fried Chicken, Inc., as a defendant. For the reasons discussed below, the court GRANTS Plaintiff's motion.

**I. Background**

Defendant Rainbow City employed Ms. Curry from September 11, 2011, until her termination on May 19, 2016. Ms. Curry's complaint arises directly from her termination, and Ms. Curry alleges that Beth Ezell, the area director at the time, "effectively decided to terminate Ms. Curry." (Doc. 49 at 2).

When Ms. Curry filed her first amended complaint, she believed Defendant Westgate Enterprises, Inc. employed Ms. Ezell. (Doc. 7 at ¶ 8). So, even though Ms. Curry worked at and was terminated by Defendant Rainbow City Chicken, Inc., she alleged Westgate and Rainbow City were both liable under either a joint or single employer theory. (Doc. 7 at ¶¶ 7–8).

The court entered a Scheduling Order in this case on June 14, 2018, in which it provided that "Plaintiff(s) may amend pleadings and/or join additional parties, in accordance with Fed. R. Civ. P. 15, until August 1, 2018." (Doc. 26 at 2). The court entered a Revised Scheduling Order on January 30, 2019, but did not amend or extend the August 1 deadline, which by that time had already expired. (Doc. 32).

During her November 7, 2018 deposition, Ms. Ezell, who terminated Ms. Curry, identified her employer as Anniston Fried Chicken. (Doc. 51-1 at 10:22–11:6). Mike Cothran, the owner of Westgate, Rainbow City, and Anniston Fried Chicken, confirmed Ms. Ezell as an employee of Anniston Fried Chicken during his February 22, 2018 deposition. (Doc. 49-1 at 17:13–16). Mr. Cothran also identified Ms. Ezell as an area director with supervisory responsibilities at Westgate, Rainbow City, and Anniston Fried Chicken. (Doc. 49-1 at 19:12–18, 20:13–16).

**II. Standard of Review**

Under Federal Rule of Civil Procedure 15(a)(2), courts "should freely give leave [to amend complaints] when justice so requires." Rule 15 is a liberal amendment policy within the discretion of the district court. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

But when a scheduling order sets a deadline to amend pleadings and a party seeks to amend after the deadline, the court should apply the standard under Federal Rule of Civil Procedure 16(b). *O'dell v. Wal-Mart Stores East, L.P.*, o. 5:18-CV-1763, 2019 WL 2206444, at *3 (N.D. Ala. May 22, 2019). Rule 16(b)(4) provides that a "schedule may be modified only for good cause and with the judge's consent."

The decision to grant a plaintiff leave to amend her complaint under either Rule 15 or 16 falls within the court's discretion.

**III. Discussion**

Ms. Curry seeks leave to add Anniston Fried Chicken as a defendant after the August 1, 2018, deadline to amend pleadings set out in the Scheduling Order. (Doc. 26 at 2). So Ms. Curry must show good cause why the court should modify its Scheduling Order and allow her to amend her complaint now.

Although Ms. Curry's motion applies the more liberal Rule 15 standard, the court still concludes that she has met her burden of showing good cause.

Ms. Curry alleges she did not know Anniston Fried Chicken was Ms. Ezell's employer until November 7, 2018, more than two months after the Scheduling Order's cutoff to amend pleadings. (Doc. 49 at 3 n. 1).[1] Failing to amend a complaint before the cutoff date because the plaintiff did not know the party should be added until after the cutoff date strikes this court as precisely the kind of "good cause" Rule 16 contemplates.

Defendants argue that Ms. Curry's seven-month delay in attempting to amend her complaint after discovering Ms. Ezell's actual employer negates good cause. (Doc. 51 at 4). But Defendants' argument forgets that Ms. Curry must show good cause why she wants to amend the Scheduling Order, not why she filed her motion to amend the Scheduling Order on the precise date that she did. Regardless of how long she waited after Ms. Ezell's deposition to amend her complaint, Ms. Curry would still have to modify this court's Scheduling Order to do so. So the court concludes Ms. Curry has shown good cause why she did not amend her complaint to add Anniston Fried Chicken before the August 1, 2018 deadline, by alleging she did not know Anniston Fried Chicken's connection to this suit until November 7, 2018.

---

[1] Defendants contends that "Plaintiff knew of Ms. Ezell's employment status long before the expiration of the scheduling order deadline." (Doc. 51 at 5). But on this point, Defendants appears to rely on its allegation that Defendants' counsel verbally informed Plaintiff's counsel of Ms. Ezell's employment status at a July 11, 2018 Scheduling Conference. The court declines to impute knowledge to Plaintiff based on an unverified verbal conversation between counsel. But even if true, July 11 hardly constitutes "long before" the August 1 cutoff.

But the court still considers Ms. Curry's seven-month delay for the purposes of granting or denying its consent to her to modify the Scheduling Order. *See* Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause *and with the judge's consent*."). Specifically, the court considers if Ms. Curry's delay would prejudice any party or unduly delay litigation. Ms. Curry contends adding Anniston Fried Chicken would not require any additional discovery and that Anniston Fried Chicken would not suffer any prejudice in its ability to defend against Ms. Curry's claims because they "still focus on the alleged wrongful conduct of Ms. Beth Ezell." (Doc. 49 at 5). Defendants' response did not dispute this, so the court presumes that adding Anniston Fried Chicken at this point would not prejudice Anniston Chicken's ability to defend itself. On that point, the court notes that all three entities—Westgate, Rainbow City, and Anniston Fried Chicken—are owned by the same person (Mr. Cothran) and that Ms. Ezell served as area director with supervisory responsibilities with all three.[2] Without such prejudice and pursuant to Rule 16, the court consents to Plaintiff amending its complaint to add the proper employer of the woman whose alleged actions gave rise to the entire case.

Alternatively, Defendants argue the court should not allow Ms. Curry to add Anniston Fried Chicken because the complaint would be untimely as filed outside the ninety-day filing period after she received her right-to-sue letter from the EEOC. (Doc. 51 at 6). But the court construes Defendants' argument, which relies on administrative filing requirements and the relation back doctrine of Rule 15, as more appropriate arguments for Anniston Fried Chicken itself to make, either as a motion to dismiss or motion for summary judgment.[3] At this juncture,

---

[2] Whether this connection proves sufficient to establish Ms. Curry's joint employer theory remains to be seen.
[3] To the extent courts can deny futile attempts to amend pleadings, the court simply notes that Defendants did not argue that the amendment would be futile. Rather, they seemed to jump ahead and move this court to dismiss as untimely a complaint Ms. Curry has yet to file. As the parties have not briefed this issue on a prospective complaint, the court declines to rule on it.

the court must only decide if Ms. Curry has met her burden to modify this court's Scheduling Order to amend her complaint. The court concludes that she has.

So the court GRANTS "Plaintiff's Motion to Amend Complaint" and ORDERS Plaintiff to file her amended complaint on or before August 2, 2019.

**DONE** and **ORDERED** this 29th day of July, 2019.

_____
**KARON OWEN BOWDRE**
CHIEF UNITED STATES DISTRICT JUDGE